

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

PATRICK BEATH
Assistant Corporation Counsel
Phone: (212) 788-0589
FAX: (212) 788-9776
pbeath@law.nyc.gov

June 18, 2012

**BY ECF**
Honorable Carol B. Amon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   <u>Shakeeba Davis, et al. v. City of New York, et al.,</u>
           11 CV 5507 (CBA)(JMA)

Your Honor:

    I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney assigned to represent defendants in the above-referenced matter.  Enclosed please find a duly executed Stipulation of Settlement and Order of Dismissal for Your Honor's endorsement and filing.

    Thank you for your consideration herein.

                            Respectfully submitted,

                            Patrick Beath (PB 2139)
                            Assistant Corporation Counsel

cc:    Christopher D. Galiardo (By ECF)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

SHAKEEBA DAVIS, SHANIEL DAVIS,
SHAKEEMA DAVIS, RAHIEM DAVIS,
TYSHAWN DAVIS, THEODORE GREEN, and
JAUQUAN TYSON,

                                        Plaintiffs,

                    -against-

THE CITY OF NEW YORK, DET. RONALD
REYNOLDS, and P.O.s "JOHN DOE" 1-5 (said
names being fictitious, as the true names are presently
unknown), Individually and in their Official
Capacities,

                                        Defendants.
------------------------------------------------------------------x

**STIPULATION OF
SETTLEMENT AND ORDER OF
DISMISSAL**

11-CV-5507 (CBA) (JMA)

        **WHEREAS,** plaintiffs commenced this action by filing a complaint on or about

November 10, 2011, alleging that the defendants violated plaintiffs' federal civil rights; and

        **WHEREAS,** defendants City of New York ("City") and Detective Ronald

Reynolds have denied any and all liability arising out of plaintiffs' allegations; and

        **WHEREAS,** the parties now desire to resolve the issues raised in this litigation,

without further proceedings and without admitting any fault or liability; and

        **WHEREAS,** plaintiffs have authorized their counsel to settle this matter on the

terms set forth below;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by

and between the undersigned, as follows:

1.    The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees in excess of the amounts specified in paragraphs "2", "3", "4", "5", "6", "7", and "8" below.

2.    Defendant City of New York hereby agrees to pay plaintiff Shakeeba Davis the sum of Fifteen Thousand ($15,000.00) Dollars in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees.  In consideration for the payment of this sum, plaintiff Shakeeba Davis agrees to the dismissal of all the claims against the defendants and to release the defendants and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff Shakeeba Davis's civil rights, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees;

3.    Defendant City of New York hereby agrees to pay plaintiff Shaniel Davis the sum of Twelve Thousand ($12,000.00) Dollars in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees.  In consideration for the payment of this sum, plaintiff Shaniel Davis agrees to the dismissal of all the claims against the defendants and to release the defendants and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff Shaniel Davis's civil rights, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees;

4.    Defendant City of New York hereby agrees to pay plaintiff Shakeema Davis the sum of Twelve Thousand ($12,000.00) Dollars in full satisfaction of all claims,

2

including claims for costs, expenses and attorneys' fees.  In consideration for the payment of this sum, plaintiff Shakeema Davis agrees to the dismissal of all the claims against the defendants and to release the defendants and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff Shakeema Davis's civil rights, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees;

5.     Defendant City of New York hereby agrees to pay plaintiff Rahiem Davis the sum of Fifteen Thousand ($15,000.00) Dollars in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees.  In consideration for the payment of this sum, plaintiff Rahiem Davis agrees to the dismissal of all the claims against the defendants and to release the defendants and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff Rahiem Davis's civil rights, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

6.     Defendant City of New York hereby agrees to pay plaintiff Tyshawn Davis the sum of Twelve Thousand ($12,000.00) Dollars in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees.  In consideration for the payment of this sum, plaintiff Tyshawn Davis agrees to the dismissal of all the claims against the defendants and to release the defendants and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff Tyshawn Davis's civil rights,

3

from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

7.     Defendant City of New York hereby agrees to pay plaintiff Theodore Green the sum of Twelve Thousand ($12,000.00) Dollars in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees.  In consideration for the payment of this sum, plaintiff Theodore Green agrees to the dismissal of all the claims against the defendants and to release the defendants and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff Theodore Green's civil rights, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

8.     Defendant City of New York hereby agrees to pay plaintiff Jauquan Tyson the sum of Twelve Thousand ($12,000.00) Dollars in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees.  In consideration for the payment of this sum, plaintiff Jauquan Tyson agrees to the dismissal of all the claims against the defendants and to release the defendants and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff Jauquan Tyson's civil rights, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

9.     Plaintiffs each shall execute and deliver to defendant City of New York's attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraphs 2 through 8 above, and an Affidavit of Status

of Liens.  If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, plaintiffs shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments.  A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

10.     Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiffs' rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York.  This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

11.     Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

12.     Plaintiffs agree to hold harmless defendants regarding any liens or past and/or future Medicare payments, presently known or unknown, in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

13.     This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated:  New York, New York
        June 18       , 2012

MYERS SINGER & GALIARDO, LLP
*Attorneys for Plaintiffs*
299 Broadway, Suite 200
New York, New York 10007


By: _____
    Christopher Galiardo, Esq.
        (7285)

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
*Attorney for Defendants City and Reynolds*
100 Church Street, Rm. 3-176
New York, New York 10007


By: _____
    Patrick Beath
    *Assistant Corporation Counsel*


SO ORDERED:

_____
HON. CAROL B. AMON
UNITED STATES DISTRICT JUDGE

Dated: New York, New York
       _____, 2012

6